**Regina CANINO, Plaintiff–Appellee,**

v.

**COUNTY OF SUFFOLK and County of Suffolk Department of Health Services, Defendants–Appellants.**

Docket No. 03–7280.

United States Court of Appeals, Second Circuit.

Nov. 21, 2003.

Jeltje deJong, Assistant County Attorney (Robert J. Cimino, Suffolk County Attorney, Stephanie C. Galteri, Assistant County Attorney, on the brief), Hauppauge, NY, for Appellants.

Saul D. Zabell, Somma, Zabell & Associates, LLP, Farmingdale, NY, for Appellee.

PRESENT: WALKER, Chief Judge, LEVAL, and CABRANES, Circuit Judges.

## SUMMARY ORDER

Defendants-appellants County of Suffolk and its Department of Health Services (collectively, "the County") appeal from the order of the district court of the Eastern District of New York (Denis R. Hurley, *District Judge*) denying the County's Rule 50 motion to set aside the jury's verdict in favor of plaintiff Regina Canino on her retaliation claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, and under New York State Human Rights Law, Executive Law § 290 *et seq.* The jury rejected Canino's sexual harassment claim as well as her constructive discharge cause of action under the same statutes; but it awarded her $75,000 on her retaliation claim. The district court found that the evidence was sufficient to support Canino's retaliation claim. Construing all the evidence in the light most favorable to the plaintiff as is appropriate in reviewing a Rule 50 motion, *Patrolmen's Benevolent Ass'n of the City of New York v. City of New York*, 310 F.3d 43, 50–51 (2d Cir. 2002), we affirm.

In order for Canino to sustain her retaliation claim after a jury verdict in her favor, she must show (1) that she engaged in a statutorily protected activity; (2) that the County was aware of her participation in that activity; (3) an adverse employment action; and (4) a causal connection

between the protected activity and the adverse employment action. *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir.2000).

Viewing the evidence in the light most favorable to Canino and drawing all reasonable inferences in her favor, we believe that there was sufficient evidence for the jury to conclude that the denial to Canino of the right not to work on Sundays one week following her filing of a sexual harassment complaint was both an adverse employment action and was retaliatory. *See Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir.1997) ("Because there are no bright-line rules, courts must pour over each case to determine whether the challenged employment action reaches the level of 'adverse.'"); *Richardson v. New York State Dep't of Corr. Serv.*, 180 F.3d 426, 444 (2d Cir.1999) (allowing proximity of filing of complaint to adverse action to suffice for a showing of a causal connection); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir.1998) (same); *see also Raniola v. Bratton*, 243 F.3d 610, 625 (2d Cir.2001) ("A plaintiff may establish a Title VII violation even when a retaliatory motive is not the sole cause of the adverse employment action or when there were other objectively valid grounds for [it].").  Accordingly, we affirm.

We have carefully considered all of appellants' arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**